947 F.2d 947
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WOODWARD-PARKER CORPORATION, Plaintiff-Appellant,
v.
NEW GUARANTY FEDERAL SAVINGS AND LOAN ASSOCIATION and
Resolution Trust Corporation, Defendant-Appellees.
 No. 91-1261.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Woodward-Parker Corp. ("the borrower"), appeals the dismissal of its breach of contract suit against New Guaranty Federal Savings and Loan Association ("the bank") and Resolution Trust Corporation ("the receiver"). The borrower filed its action seeking specific performance of a construction loan contract in the United States District Court, Eastern District of Michigan. The district court dismissed the action, upon a FED.R.CIV.P. 12(b)(6) motion by the receiver, for failure to state a claim upon which relief can be granted. The sole issue on appeal is the propriety of the district court's dismissal. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 In August of 1988, the borrower entered into an $800,000.00 loan agreement with the bank for the construction of a building. Paragraph four of the loan agreement enumerated a number of conditions precedent to disbursement on the loan. Relevant to this case, the agreement required the borrower to: 1) deliver certificates from the general contractor indicating completion of the project and specifying the cost of completion; 2) pay all loan fees and expenses before the date of the advance; 3) execute a formal request for withdrawal; 4) deliver certificates of occupancy; and 5) deliver any information and/or documents reasonably required by the bank. The borrower would be considered in default on the loan should the borrower not meet the completion date as set forth in the agreement. The borrower's default on any contract requirement stays disbursements on the loan.
 
 
 3
 In May 1989, the general contractor of the borrower's project sought reimbursement for services rendered by submitting a request for disbursement to the bank. The bank noted defects in the documentation and refused to advance the funds until the defects were cured. The bank also noted that the project was not timely completed and that the required certificates were not delivered. The borrower brought suit against the contractor, charging it with responsibility for the document discrepancies and for failure to produce the necessary certification.
 
 
 4
 The following year the bank went into receivership. In June 1990, the receiver notified the borrower that it would repudiate the loan contract for failure to meet the requisite conditions. The borrower then brought this suit against the bank and the receiver for breach of contract and sought specific performance of the construction loan contract. The receiver filed its motion to dismiss, pursuant to FED.R.CIV.P. 12(b)(6), for failure to state a claim upon which relief can be granted. The district court granted the motion.
 
 II.
 
 5
 A reviewing court must review de novo the propriety of a dismissal pursuant to FED.R.CIV.P. 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.1990), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield, 900 F.2d 882, 885 (6th Cir.1990). To determine whether the plaintiff failed to state a claim upon which relief can be granted, the court must regard all factual allegations in the complaint as true and construe the allegations most strongly in favor of the plaintiff. Meador, 902 F.2d at 475; Dana Corp., 900 F.2d at 885. The defendant has the burden to show that the plaintiff could not put forth sufficient facts to entitle him to relief. Conley v. Gibson, 255 U.S. 41, 45-46 (1957); Shelton v. Marsh, 902 F.2d 1201, 1204 (6th Cir.1990).
 
 
 6
 In its complaint, the borrower alleged the bank and receiver breached the construction loan contract by refusing to advance funds. The borrower claimed to have met its contractual obligations and also asserted it was ready, willing and able to do so. The borrower, however, did not allege that it completed its obligations without breach. The complaint acknowledged that the borrower's contractor failed to provide the bank with the requisite competent documentation.
 
 
 7
 The receiver moved the trial court to dismiss the case, claiming that the borrower could not prove sufficient facts to warrant specific performance because its complaint failed to allege the borrower fulfilled its contractual duties without breach. The receiver supported its allegations by attaching the following to its motion to dismiss: 1) the loan contract; 2) a blank application and certificate for payment; 3) a blank statement form and attornment agreement; and 4) the receiver's letter to the borrower denying advances and citing the borrower's failure to satisfy the enumerated conditions precedent.
 
 
 8
 A plaintiff in a breach of contract action is only entitled to specific performance, as a matter of law, where he shows: 1) he performed all conditions precedent to the requested performance; 2) he was ready, willing and able to perform the obligations; and 3) he fulfilled his contractual duties without breach. United States v. Bedford, 618 F.2d 904, 919 (2nd Cir.1980), cert. denied, 456 U.S. 914 (1982); Dusenberry v. Jones, 359 F.Supp. 712 (D.C.Kansas 1973); Aster v. BP Oil Corp., 412 F.Supp. 179 (M.D.Pa.1976), affirmed, 549 F.2d 794 (3rd Cir.1977).
 
 
 9
 As previously noted, the borrower's allegation that it was ready, willing and able to perform the contract appeared in the complaint. The borrower, however, failed to allege it completed its obligations without breach. Statements in the complaint referring to the contractor's refusal to cure document discrepancies and submit necessary documentation, upon request of the bank, tend to contradict the borrower's purported ability to perform the contract without breach. Likewise, the complaint acknowledges that the borrower failed to complete the construction project within the specified time, allegedly because of the bank's refusal to advance funds. The borrower's acknowledged failure to comply with contractual terms because of the contractor's disobedience connotes a breach of the agreement.
 
 
 10
 In construing the allegations in the complaint as true and most strongly in favor of the plaintiff, this court concludes the plaintiff failed to state a specific performance claim entitling him to relief. Meador, 902 F.2d at 475; Dana Corp. 900 F.2d at 885. The receiver met its burden of showing the plaintiff could not produce sufficient facts to entitle it to relief. Shelton, 902 F.2d at 1204.
 
 III.
 
 11
 The district court properly dismissed the borrower's cause of action pursuant to FED.R.CIV.P. 12(b)(6). We AFFIRM the judgment of the district court.